UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|                     *Plaintiff,* | ) Civil No. 2:15-cv-03504-JFB-SIL |
| v. | ) |
| JOHN DOE subscriber assigned to IP address 98.116.160.61 | ) |
|                     *Defendant.* | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH**

Defendant, John Doe, by and through the undersigned counsel, files this Reply to Plaintiff's Opposition to Motion to Quash. Plaintiff's Opposition does not properly answer the questions raised in the Defendant's Motion to Quash and still fails to show "good cause" for the expedited discovery. Therefore, Defendant respectfully requests that this Court enter an Order Granting the Motion to Quash or any other and further relief that the Court deems just and proper.

**ARGUMENT**

**I.   The Court has Discretion to Reconsider its Orders**

1. <u>Rule 26</u>

Plaintiff applies the wrong legal standard, Rule 45, to claim that failing to show "good cause" for the issuance of the subpoena is not a recognized basis to quash. *See* CM/ECF No. 14 at p. 8. However, Defendant's arguments on the "good cause" inquiry is based on Rule 26. *See* CM/ECF No. 10 at ¶22. Furthermore, Plaintiff requested permission to file a motion pursuant to

Fed.R.Civ.P. 26(d)(1), seeking leave to serve a third party subpoena prior to a rule 26(f) conference to learn the Defendant's identity. *See* CM/ECF No. 5 at p.7-8. Also, this Court issued the order based on Rule 26. *See* CM/ECF No. 11 at p. 1 ("On July 29, 2015, the Court granted Plaintiff's Motion for expedited pre-answer discovery pursuant to Federal Rule of Civil Procedure 26(d)(1)"). Therefore, any analysis as to whether good cause existed for the subpoena that has been issued must be done so under Rule 26.

Rule 26(b) provides courts with the authority to issue such an order for "good cause." And it is undisputed that a district court retains the power to modify or lift protective orders that it has entered. *See Gambale v. Deutsche Bank AG*, 227 F3d 133, 141 (2d Cir. 2004).

## 2. **Defendant's Motion is Timely**

Plaintiff claims that defendant's motion is untimely because this kind of motion should be served within fourteen (14) days after the entry of the Court's determination of the original motion. *See* CM/ECF No. 14 at p. 8. However, Plaintiff's argument is not true. Plaintiff cites only some parts of Local Rule 6.3.

Local Rule 6.3. provides that "unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."

If a court provides a specific time frame for motions and a motion is served within the time frame, the motion shall be considered as timely.

Here, the Court provided a specific time frame for motions. *See* CM/ECF No. 9 at p. 11-

12. ("It is further ordered that a Doe Defendant who receives copies of the Subpoena and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously."))

Defendant received the copies of the Subpoena and the Order on or about August 7, 2015 and filed the motion on September 28, 2015, which is within 60 days from the receipt of the Subpoena and the Order. Therefore, Defendant's motion was filed in timely manner.

## II.      Plaintiff Failed to Show "Good Cause"

### 1. Plaintiff Failed in Showing of *Prima Facie* Claim

### (1) Certificate of Copyright Registration is not Irrebuttable Presumption of Copyright Validity

Plaintiff claims its ownership of a valid copyright relying solely on the presumption of validity that attaches to a certificate of copyright registration. *See* CM/ECF No. 14 at p. 10. Such a certificate constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate. However, a certificate of registration creates no irrebuttable presumption of copyright validity. *Durham Industries, Inc. v. Tomy Corp.*, 630 F. 2d 905 (2d Cir. 1980); *Tradescape.com v. Shivaram*, 77 F.Supp.2d 408, 414 (S.D.N.Y. 1999); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F.Supp.2d 223, 229 (S.D.N.Y. 2012).

Judge Alvin K. Hellerstein of S.D.N.Y. casted a question on the eligibility of copyright protection for obscene motion pictures, citing *Next Phase Distribution, Inc. v. John Does 1-27*,

284 F.R.D. 165, 171(S.D.N.Y. 2012) (if the Motion Picture is considered obscene, it may not be eligible for copyright protection.") *Malibu Media, LLC v. John Doe Subscriber assigned IP Address 66108.67.10,* 1:15-cv-04369-AKH, ECF No. 10 (S.D.N.Y. July 06, 2015). Two judges in S.D.N.Y are seriously questioning the eligibility of the copyright protection for obscene motion pictures.

### (2) Casting Unnecessarily Wide Net

Plaintiff argues that the 70% chance that Defendant is the infringer constitutes concrete *prima facie* case of copyright infringement. *See* CM/ECF No.14 at p. 12. However, many courts have found that the 30% probability of false identification is casting unnecessarily wide net considering the risks of coercing innocent defendants into settling. *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading pornography); *Malibu Media, LLC v. John Doe Subscriber assigned IP Address 66108.67.10,* 1:15-cv-04369-AKH, ECF Doc. 10 (S.D.N.Y. July 06, 2015) (the risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against.)

### (3) BitTorrent File Pieces are Worthless

Plaintiff argues that the evidence that Defendant either uploaded, downloaded, or even

possessed a complete copyrighted video file is not required to properly plead a *prima facie* claim of infringement. *See* CM/ECF No. 14 at p. 13. However, Judge Alvin K. Hellerstein found that the evidence of a complete copyrighted video file is required because BitTorrent file pieces are worthless. *Malibu Media, LLC v. John Doe Subscriber assigned IP Address 66108.67.10,* 1:15-cv-04369-AKH, ECF Doc. 10 (S.D.N.Y. July 06, 2015).

> [i]ndividual BitTorrent file pieces are worthless — by themselves they can never be reconstructed into the original file. Nor do the individual file pieces resemble a partial movie clip: if a 10-minute movie file was split into 60 pieces by BitTorrent, the resulting pieces are not playable 10-second clips of the movie. If it is the case that a Doe Defendant logged onto the BitTorrent swarm, downloaded and then uploaded a single piece to the IPP server, and then logged off, all he has done is transmit an unusable fragment of the copyrighted work. Without the remaining pieces, this Doe Defendant cannot do anything with this scrap of data. …[t]he Court notes that Malibu's case is weak if all it can prove is that the Doe Defendants transmitted only part of all the BitTorrent pieces of the copyrighted work.

*Malibu Media, LLC v. John Does 1-10,* No. 12-cv-3623, 2012 WL 5382304, at *3 (C.D. Cal. June 27, 2012).

> What is more, downloading data via the BitTorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the BitTorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, an encrypted, unusable chunk of zeroes and ones. And as part of its *prima facie* copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). If a download was not completed, Plaintiff's lawsuit may be deemed frivolous.

*Ingenuity 13 LLC v. John Doe*, No. 12-cv-8333, 2013 U.S. Dist. LEXIS 17693 (C.D. Cal. Feb. 7,

2013)

Plaintiff's argument that someone who starts downloading a movie intends to watch the movie, and thus the person will likely download the full movie is only a speculation and not a valid argument.

> The first problem is how Plaintiff concluded that the Defendants actually downloaded the entire copyrighted video, when all Plaintiff has as evidence is a "snapshot observation." This snapshot allegedly shows that the Defendants were downloading the copyrighted work-at least at that moment in time. But downloading a large file like a video takes time; and depending on a user's Internet-connection speed, it may take a long time. In fact, it may take so long that the user may have terminated the download. The user may have also terminated the download for other reasons. To allege copyright infringement based on an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for a candy from a display does not automatically mean he stole it. No court would allow a lawsuit to be filed based on that amount of evidence.

*Id.*

### (4) Plaintiff's Evidence Fall Below the Quantitative Threshold of Substantial Similarity

Even if we assume that Plaintiff is not required to prove that Defendant downloaded or distributed a complete file, Plaintiff should prove that the piece of file is not "so trivial as to fall below the quantitative threshold of substantial similarity." *See* CM/ECF No. 14 at p. 13 (citing *Burgin v. Nat'l Football League*, No. 13-civ-8166, 2014 WL 176011, *2 (S.D.N.Y. April 30, 2014)). To determine whether it falls below the quantitative threshold of substantial similarity, courts often look to the amount of the copyrighted work that was copied, as well as (in cases

involving visual works) the observability of the copyrighted work in the allegedly infringing work. *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998). According to Plaintiff's complaint, Plaintiff argues that IPP International UG downloaded from Defendant one or more bits of each of the digital movie files. *See* CM/ECF No. 1 at ¶19. The pieces of the file shall be less than few hundred milliseconds. Such an infinitesimal portion cannot be said to contain any substantive content.

> Here we determine as a matter of law that there was no improper appropriation because no reasonable jury, properly instructed, could find that the data snippet bears a "substantial similarity" to Malibu Media's copyrighted work. We conclude that, even if Doe copied the preview, his copying would not be an improper appropriation violating Malibu Media's copyright of the entire film.

*Malibu Media, LLC v. Doe*, 82 F.Supp.3d 650, 658 (E.D. Pa. 2015).

Therefore, Plaintiff failed to prove that the file pieces are not so trivial as to fall below the quantitative threshold of substantial similarity.

### 2. Plaintiff's Claim that There is No Other Way to Identify the Defendant is Inadequate

Plaintiff's argument that there is no alternative means obtaining Defendant's true identity is still inadequate. The argument in Plaintiff's Opposition is merely a lengthy version of its argument in the Memorandum in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena. *See* CM/ECF No. 5 at p. 10. The only support for the Plaintiff's Motion was from the declaration of Patrick Paige, who, as Magistrate Judge Kevin Nathaniel Fox found in a different case, lacks personal knowledge of the methodology used by ISPs to match the IP address with its registrant. *Malibu Media, LLC v. John Doe subscriber assigned IP address 207.38.208.137,* 15-

7

cv-1883, CM/ECF No. 16 (S.D.N.Y. Apr.10, 2015). The same declaration was submitted to Judge Alvin K. Hellerstein in support of the same argument and found inadequate. *See Malibu Media, LLC v. John Doe Subscriber assigned IP Address 66108.67.10,* 1:15-cv-04369-AKH, CM/ECF No. 10 (S.D.N.Y. July 06, 2015). Here, the declaration of Patrick Paige submitted in support of Plaintiff's Motion is the same declaration that was found inadequate two times in S.D.N.Y. *See* CM/ECF No. 7. Plaintiff submitted a new declaration from the same individual, Patrick Paige, to support Plaintiff's Opposition. However, in the new declaration, he does not explain the methodology used by ISPs to match the IP address with its registrant. *See* CM/EFC No. 15. Therefore, Plaintiff's claim that there is no alternative means obtaining Defendant's true identity is still inadequate.

### III. Plaintiff's Proven Track Record of Abusing Court System

Plaintiff claims that it is dedicated to only pursuing liable infringers and it settles and litigates in good faith. *See* CM/EFC No.14 at p. 18-21. However, Plaintiff's cases show different stories. As noted by Plaintiff, Plaintiff has filed over 4,000 cases. *Id.* at p. 23. Out of over 4,000 cases, "Plaintiff has taken well over 300 cases deep into discovery and is heavily litigating at least a dozen cases that may go to trial within the next year or two." *Id.* at p. 19. None of Plaintiff's over 4,000 cases have been tried before a jury.

Then what happened to Plaintiff's cases? Most of the case were settled or voluntarily dismissed before a trial. From Plaintiff's over 4,000 cases, we can observe a pattern of court system abuse. Following pattern is cited from *Malibu Media, LLC. V. John Doe subscriber assigned IP address 65.189.10.120*, No. 1:14-cv-00493-TSB, CM/ECF No. 40. (S.D. Ohio

August 27, 2015):

    1. Use a sliver of evidence as the basis for suit and move for early discovery.
    [At which point, defendant is notified by his ISP of suit.]

    2. Wait for defendant or his counsel to initiate contact and inquire about a settlement. [Defendant is then notified of the statutory maximum and Plaintiff is willing to settle for the minimum. Defendant is now faced with three choices: 1) financial ruin if he loses; 2) financial ruin and humiliation if he litigates; 3) fight.]

    3. If no settlement agreement is reached, amend the complaint to name the defendant. [Defendant, regardless of guilt, must now contend with the stress that friends, family or employers may stumble across this public filing]

    4. Move to extend the time to complete service repeatedly.
    [This serves two purposes in hopes of facilitating settlement: 1) to hang the suit over defendant's head; and 2) to draw out defendant's litigation expenses.]

    5. Serve the defendant. If the defendant does not default, move on to discovery.

    6. Discovery tactics include: 1) move to extend the time to complete expert reports repeatedly; 2) depose neighbors.
    [Again, the extensions are to draw out the litigation expenses. The depositions are to publicly shame a defendant.][1]

---

[1] In a case in S.D.N.Y., Plaintiff, represented by the same counsel of this case, tried to subpoena defendant's neighbors or significant other when there was no evidence of infringement on defendant's part. Issuing a protective order, Judge Kathrine B. Forrest of S.D.N.Y. stated that "Plaintiff may not subpoena neighbors or defendant's significant other based on the current record. As to the neighbors, Plaintiff would be engaged on a fishing expedition and/or harassment of defendant (by way of causing embarrassment/humiliation). The issue in this case is whether this defendant downloaded plaintiff's works -- not anyone else living in the apartments nearby." *See Malibu Media, LLC v. John Doe*, 1:14-cv-10155-KBF CM/EFC No. 36 (S.D.N.Y. September 14, 2015)

7. Voluntarily dismiss the matter at any point before trial.

The goal of this playbook is not to determine guilt, but to force a settlement. Plaintiff's cases in E.D.N.Y. and S.D.N.Y. are also following this pattern.

## VI. CONCLUSION

Plaintiff has failed to show "good cause" for the expedited discovery because it couldn't establish a *prima facie* claim and its claim that there is no alternative means of obtaining the desired information was inadequate. Plaintiff also has a proven record of systematic abuse of the court system to leverage settlements from defendants without valid claims and intent to bring to trial.

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order Granting the Motion to Quash or any other and further relief that the Court deems just and proper.

Dated: November 17, 2015

Respectfully submitted,

By: /s/*Chejin Park*
Chejin Park
NY Bar No. 4509063
cjparklawyer@gmail.com
Law Offices of Chejin Park PC
35-20 147th Street, Suite 2C
Flushing, NY 11354
Phone: 718-321-7077
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/*Chejin Park*