JACQUELINE M. JAMES, ESQ.

THE JAMES LAW FIRM　　　　　　　　　　　　T: (914) 358 6423
445 HAMILTON AVENUE　　　　　　　　　　　F: (914) 358 6424
SUITE 1102　　　　　　　　　　　　　　　　JJAMESLAW@OPTONLINE.NET
WHITE PLAINS, NY 10601　　　　　　　　　　JACQUELINEJAMESLAW.COM

April 18, 2016

The Honorable Steven I. Locke
United States Court House
100 Federal Plaza
Central Islip, New York 11722-9014

    *Re: Malibu Media, LLC v. John Doe; Case No. 15-cv-3504-SIL*

Dear Judge Locke:

  Plaintiff respectfully opposes Defendant's Letter Motion in Limine in which he seeks to ban Plaintiff's witnesses from testifying at the April 20, 2016 hearing. First, Plaintiff understood that the scheduling date was for the previous hearing scheduled for March 8, 2016 and not for Wednesday's hearing. *See* CM/ECF 24. Neither order rescheduling the hearing provided dates upon which the Parties should identify the witnesses in light of the new hearing date. *See* CM/ECF 27.

  Second, Defendant has been made aware at hearings that Plaintiff's investigators will testify as to the technology they use and the topics that were discussed at the hearing.

  Specifically, Plaintiff's investigator Patrick Paige, who tested Plaintiff's technology used to identify infringers, will testify to the test he made demonstrating the accuracy of the technology as well as his experiences in law enforcement identifying individuals involved in cybercrimes through their IP address. Mr. Paige has previously filed a declaration in this case. *See* CM/ECF 7.

  Second, Plaintiff's investigator Michael Patzer, who created the technology Plaintiff uses and oversees the monitoring and servicing of the technology will testify to how it works, how BitTorrent works, steps taken to ensure the reliability of Plaintiff's technology, and how the technology differs from the University of Washington study in which Defendant relies. Additionally, Mr. Patzer will testify as to why Plaintiff knows Defendant's IP address is not a VPN, spoofed, a wifi hotspot, or has in any other way been masked. Michael Patzer will testify to the substance of Mr. Feiser's declaration. *See* CM/ECF 8. A declaration is attached which identifies Mr. Patzer's experience, how Excipio's technology works, and Mr. Patzer's previous testimony.

  Defendant has consistently been aware of these issues and has known that Plaintiff intended to call its witnesses who can testify to the same. Indeed, these are issues specifically raised by Defendant. Moreover, Mr. Patzer is currently on a plane from Europe to attend this hearing. Any exclusion of him as a witness will undoubtedly prejudice Plaintiff, and impair the ability for the Court to reach a decision on the merits. Defendant, however, will not face

prejudice because he has been aware since the beginning that Plaintiff intended to call witnesses to testify to these issues.

      For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion in Limine and allow Plaintiff to call its witnesses.

      Respectfully submitted,

      By: /s/ *Jacqueline M. James*

Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*