# Law Offices of Chejin Park PC
163-10 Northern Blvd, Suite 307, Flushing, NY 11358
Tel. 718-321-7077  Fax. 347-803-2378
cjparklawyer@gmail.com
Admitted in NY & NJ

June 3, 2016

The Honorable Magistrate Judge Locke
United States District Court
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    Post-Hearing Memorandum
                Malibu Media, LLC v. John Doe (15-CV-3504)

Dear Honorable Magistrate Judge Locke:

      The Law Offices of Chejin Park, PC represents John Doe Defendant in the copyright infringement case referred above. I am respectfully submitting this letter to get your attention to some issues raised during the hearing on April 20, 2016.

      After reviewing the transcripts of the hearing, Defendant strongly believes that Plaintiff still failed to establish a *prima facie* copyright infringement claim.

      As you already know, the court can order earlier discovery if the party seeking discovery shows "good cause." *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326 (S.D.N.Y. 2005). There are five factors frame the "good cause" inquiry in cases of online copyright infringement: (l) [the] concrete[ness of the plaintiffs] showing of a *prima facie* claim of actionable harm, (2)

[the] specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) [the] need for the subpoenaed information to advance the claim, and (5) the [objecting] party's expectation of privacy. *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Entm't v. Does 1-40,* 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). To establish a *prima facie* copyright infringement claim, Plaintiff should prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. See *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.* 499 U.S. 3400, 361 (1991).

At the hearing, Mr. Michael Patzer testified that Excipio's software only downloaded 16 kilobytes of the video files. And the 16 kilobytes shall be only two seconds of the video. Please see Page 63 and Page 80 of the transcript. Defendant strongly believes that 16 kilobytes, which is only two seconds of the video, are not enough to show copying of constituent elements of the work that original. Such an infinitesimal portion cannot be said to contain any substantive content.

In a similar case, a court in Pennsylvania concluded that "we determine as a matter of law that there was no improper appropriation because no reasonable jury, properly instructed, could find that the data snippet bears a "substantial similarity" to Malibu Media's copyrighted work. We conclude that, even if Doe copied the preview, his copying would not be an improper appropriation violating Malibu Media's copyright of the entire film." *Malibu Media, LLC v. Doe*, 82 F.Supp.3d 650, 658 (E.D. Pa. 2015).

Defendant also believes that Mr. Patrick Paige successfully showed how to hide infringer's identity by using a proxy server. While he was explaining about the investigation system verification, Mr. Paige testified that he rented four virtual servers and installed BitTorrent software. He also testified that Excipio successfully identified the four servers with IP addresses. See Page 106 – 110 of the transcript. However, it only proves that Excipio's software only identified the virtual server's location not the actual computer that Mr. Paige was using to access the virtual servers. Please see Page 120-121 of the transcript. Defendant believes it is another example that the IP addresses identified by Excipio may not the actual IP address that an infringer was using.

Therefore, Defendant strongly believes that Plaintiff has failed to show "good cause" for the expedited discovery because it couldn't establish a *prima facie* claim.

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order Granting the Motion to Quash or any other and further relief that the Court deems just and proper.

Should you have any questions or concerns regarding this letter, please feel free to contact the undersigned.

Respectfully Submitted,

By:/s/*Chejin Park, Esq.*

Attorney for Defendant

Chejin Park, Esq.

NY Bar No. 4509063

Law Offices of Chejin Park PC

16310 Northern Blvd, Suite 307

Flushing, NY 11358