UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| IN RE MALIBU MEDIA ADULT FILM COPYRIGHT INFRINGEMENT CASES | **ORDER**<br>15-CV-3299 (SJF)(SIL)<br>15-CV-3300 (JFB)(SIL)<br>15-CV-3301 (ADS)(SIL)<br>15-CV-3303 (LDW)(SIL)<br>15-CV-3305 (JMA)(SIL)<br>15-CV-3306 (SJF)(SIL)<br>15-CV-3463 (LDW)(SIL)<br>15-CV-3478 (JS)(SIL)<br>15-CV-3480 (JMA)(SIL)<br>15-CV-3485 (DRH)(SIL)<br>15-CV-3486 (ADS)(SIL)<br>15-CV-3488 (SJF)(SIL)<br>15-CV-3491 (JFB)(SIL)<br>15-CV-3492 (DRH)(SIL)<br>15-CV-3494 (JMA)(SIL)<br>15-CV-3495 (SJF)(SIL)<br>15-CV-3496 (ADS)(SIL)<br>15-CV-3497 (LDW)(SIL)<br>15-CV-3498 (SJF)(SIL)<br>15-CV-3499 (JFB)(SIL)<br>15-CV-3500 (LDW)(SIL)<br>15-CV-3503 (JMA)(SIL)<br>15-CV-3504 (JFB)(SIL)<br>15-CV-3505 (JFB)(SIL) |

----------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

By way of a July 29, 2015 Order (the "Discovery Order"), this Court held that good cause existed to allow for limited expedited discovery permitting Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") to serve subpoenas on various Internet Service Providers ("ISPs") to obtain the true identities of the John Doe

Defendants in these copyright infringement actions.[1]  *See* Docket Entry ("DE") [11]. On September 28, 2015, the John Doe defendant in the action styled *Malibu Media, LLC v. John Doe*, No. 15-CV-3504 (JFB)(SIL) filed a motion to quash the subpoena Malibu Media served on the Doe Defendant's ISP.  *See* Defendant's Motion to Quash Subpoena, *Malibu Media, LLC v. John Doe*, No. 15-CV-3504 (E.D.N.Y. Sept. 28, 2015), ECF No. 10.  In an October 6, 2015 Order (the "Stay Order"), the Court stayed the directives and relief provided for in the Discovery Order "[b]ecause the arguments advanced in the Doe Defendant's Motion to Quash raise[d] serious questions as to whether good cause exists . . . to permit the expedited pre-answer discovery provided for in [the Discovery Order] . . . ."  *See* DE [13].  However, for the reasons set forth more fully in the Court's August 23, 2016 Memorandum and Order in *Malibu Media, LLC v. John Doe*, No. 15-CV-3504 (JFB)(SIL), the Court concludes that good cause exists to allow for the expedited discovery provided for in the Discovery Order.  *See* Memorandum and Order, *Malibu Media, LLC v. John Doe*, No. 15-CV-3504 (E.D.N.Y. Aug. 23, 2016), ECF No. 36.  Therefore, the Stay Order is hereby vacated. Accordingly:

**IT IS ORDERED** that, if Malibu Media previously served a copy the October 6, 2015 Stay Order on the Doe Defendant's ISP, within ten (10) days hereof, Malibu Media shall:  (i) serve a copy of this Order on the Doe Defendant's ISP; and (ii) re-serve a copy of both the previously served subpoena and this Court's July 29, 2015 Discovery Order.  The time limits and deadlines provided for in the Discovery Order's protective order shall reset upon re-serving the subpoena and Discovery Order; and

---

[1] The Discovery Order was entered in each of the cases identified in the caption, and the procedural background of each such case is virtually identical.  However, for ease of reference, citations to the docket in the instant Order refer only to the docket in *Malibu Media, LLC v. John Doe*, No. 15-CV-3299 (SJF)(SIL).

**IT IS FURTHER ORDERED** that, if Malibu Media has not served a subpoena or a copy of the Court's July 29, 2015 Discovery Order on the Doe Defendant's ISP, it shall do so within ten (10) days of the date of this Order; and

**IT IS FURTHER ORDERED** that, in any case, the Discovery Order's protective order shall continue to govern the manner in which the expedited discovery provided for in the Discovery Order shall be conducted.

Dated: Central Islip, New York
       August 23, 2016

**SO ORDERED:**

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge